The opinion of the court, was delivered by
Mr. Justice Smith.
The appellants brought their action of assumpsit in the circuit court of Yazoo couniy, against the defendant, who pleaded the *31 general issue. A verdict in favor of the defendant was returned by the jury, and the plaintiffs’ counsel moved the court for a new trial. This motion of plaintiffs’ counsel was overruled and an appeal taken to this court.
Looking into this record I find that the following questions present themselves for decision, to wit:
1. Does it appear with sufficient certainty that the jury were sworn to try the issue submitted to them ?
2. Was the jury who tried this cause, a jury in the legal acceptation of the term ? and,
3. Was the verdict returned by the jury sufficiently formal and certain to enable the court to pronounce judgment ?
In the argument of this cause it was contended by the defendant’s counsel that it is sufficient, if a fact can be fairly inferred from the face of the record to enable the court to consider it as affirmatively stated; and that although it is not directly stated in the record that the jury were sworn, yet that is strongly infer-able. My understanding of the principle applicable to this point, leads me to a different conclusion. It is an acknowledged principle, that nothing can be presumed for or against a record except what appears substantially upon its face. It is not stated that the jury were sworn previously to the submission of the cause to them, it appears only that the jury returned their verdict “ as a jury upon oath.”
2. It is equally clear to my mind that the individuals who were charged with the issue were not a legal and constitutional jury. There is no jury for the trial of issues known to the constitution and laws of this state, except that which consists of “ twelve good and lawful men, who are tried, elected and sworn.” In the present case the jury consisted of thirteen persons as appears from the record.
3. As to the third and last point. The verdict of the jury although somewhat uncertain and informal, was perhaps a sufficient finding to enable the court to pronounce judgment.
The judgment of the court below must be reversed, and a new trial awarded.